UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Osmond Christie,　　　　　　　　　　　　　Civil Case No. 09-710 (DWF/FLN)

　　　　　　Plaintiff,

v.　　　　　　　　　　　　　　　　　　　**REPORT AND RECOMMENDATION**

United States of America,

　　　　　　Defendant.

_____

Plaintiff, *Pro Se*.
Mary Jo Madigan, Assistant United States Attorney, for Defendant.
_____

**THIS MATTER** came before the undersigned United States Magistrate Judge pursuant to Plaintiff's Response to Defendant's Motion to Dismiss [#19]. The Court will treat Plaintiff's response as a motion for voluntary dismissal under Rule 41(a)(2) of the Federal Rules of Civil Procedure. The matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1.  For the reasons which follow, this Court recommends that Plaintiff's request for voluntary dismissal be **GRANTED**.

## I.　　BACKGROUND

Plaintiff Osmond Christie ("Plaintiff") filed a Complaint in the instant action on March 27, 2009 alleging that Bureau of Prisons medical providers at the Federal Correctional Institution in Sandstone, Minnesota were negligent in failing to timely diagnose and treat osteomyelitis in his right leg. (*See* Compl.) His complaint was not accompanied by an affidavit of expert review. (*See* Compl.) Plaintiff acknowledges that, on July 22, 2009, defense counsel "advised Plaintiff by letter of his responsibility under Minn. Stat. § 145.682 to provide an affidavit of Expert Review." (Doc. No. 10.) The Court granted Plaintiff's motion for extension of time (Doc. No.

1

11), providing him until January 1, 2010 to file the affidavit. (Doc. No. 14.)

In his brief filed with the Court on March 15, 2010, Plaintiff concedes that he has not filed the requisite affidavit of expert review. (Doc. No. 19 at 3.) He states that he has contacted three potential experts, however, the rates associated with their services (at a $950 minimum) are prohibitively expensive as he "cannot afford such fees" on his Unicore program wages.[1] (*Id.* at 3.) He expects, however, that he may be able to secure funding sufficient to retain the services of an expert in the future. (*Id.* at 4.) Thus, Plaintiff requests that "the Court dismiss the matter without prejudice to allow for . . . re-filing when Plaintiff can attach the required expert witness material." (*Id.* at 5.)

## II.  DISCUSSION

Rule 41(a)(2) of the Federal Rules of Civil Procedure provides that, "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper . . . . Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice." Fed. R. Civ. P. 41(a)(2).

Minnesota Statute Section 145.682 requires, in a medical malpractice case such as this, that a plaintiff serve upon the defendants, with his summons and complaint, an affidavit that he has reviewed the facts of the case with an expert witness whose opinion is that "one or more defendants deviated from the applicable standard of care and by that action caused injury to the plaintiff." Minn. Stat. § 145.682, subd. 3(a); *see also Plutschak v. University of Minn.*, 316 N.W. 2d. 1 (Minn. 1992).

Here, the Court extended the 60-day deadline and gave Plaintiff until January 1, 2010 to file the requisite affidavit. *See* Minn. Stat. § 145.682, subd. 6(a); (Doc. No. 14.) Plaintiff

---

[1] Plaintiff also filed an application to proceed in forma pauperis (Doc. No. 2) in this action pursuant to which this Court ordered payment of an initial partial filing fee. (Doc. No. 3.)

2

concedes that he is bound by the affidavit requirement of the statute, however, asserts that he has been unable to comply with the Order to date for financial reasons. (*See* Doc. No. 19.) Based on his inability to retain an expert and file an affidavit of expert review, Plaintiff has requested that the instant action be dismissed without prejudice. (*See id.*)

The Court considers proper dismissal of the instant action without prejudice pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure on terms that Plaintiff may reinitiate the lawsuit at such a time as he is able to serve upon Defendant the requisite affidavit of expert review along with a summons and complaint. *See* Fed. R. Civ. P. 41(a)(2). Further, Plaintiff should not be required to pay the costs of this action upon dismissal. *See* Fed. R. Civ. P. 41(d).

### III.  RECOMMENDATION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Plaintiff's Motion for Voluntary Dismissal [#19] be **GRANTED**;

2. This action be **DISMISSED without prejudice**; and

3. **JUDGMENT BE ENTERED ACCORDINGLY.**


DATED: July 14 2010                                         *s/ Franklin L. Noel*
                                                            FRANKLIN L. NOEL
                                                            United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **July 28, 2010**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within 14 days after service thereof.  All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.